**David L. WELSH, Plaintiff–Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY; et al., Defendants–Appellees.**

No. 05–36166.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2007 *.

Filed July 13, 2007.

Steven P. Krafchick, Esq., Krafchick Law Firm, Seattle, WA, for Plaintiff–Appellant.

Medora A. Marisseau, Esq., Kristi Favard, Esq., Bullivant Houser Bailey, PC, Seattle, WA, R. Daniel Lindahl, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendants–Appellees.

Before: ALARCÓN, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

David L. Welsh, a former accountant at Deloitte & Touche ("Deloitte"), appeals from the district court's judgment denying his claim for disability benefits under a plan administered by Metropolitan Life Insurance Company ("MetLife") and regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). We vacate and remand.

Mr. Welsh is incorrect that the district court failed to comply with the mandate of the order this Court issued in *Welsh I.* That order was addressed to the District Court for the Central District of California, in which Mr. Welsh filed *Welsh I,* not to the District Court for the Western District of Washington, which issued the judgment under review in this appeal. Our order in *Welsh I* instructed the District Court for the Central District of California

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on remand to "order MetLife to reexamine Welsh's claim applying the correct definition of disability and allow Welsh to supply records as necessary." Mr. Welsh admits, in his Opening Brief, that the District Court for the Central District of California instructed MetLife accordingly. Although Mr. Welsh contends that the District Court for the Western District of Washington failed to comply with our order in *Welsh I* in several respects, his arguments are more appropriately characterized as challenges to the merits of the district court's decision in this action.

Mr. Welsh also is incorrect that the district court should have applied a de novo standard of review to MetLife's denial of his claim because MetLife operated under a conflict of interest. After the district court rendered its judgment, we issued our en banc decision in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) (en banc). We held in *Abatie* that the Supreme Court's decision in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) "require[s] abuse of discretion review whenever an ERISA plan grants discretion to the plan administrator, but a review informed by the nature, extent and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie*, 458 F.3d at 967. Thus, abuse of discretion is the correct standard of review in this case because the plan under which Mr. Welsh seeks benefits states that "the plan administrator and other plan fiduciaries shall have discretionary authority to interpret the terms of the plan and to determine eligibility for and entitlement to plan benefits in accordance with the terms of the plan."

Mr. Welsh argues that MetLife committed procedural violations of ERISA that were so serious as to warrant de novo review under *Abatie* despite the plan language conferring discretionary authority on MetLife. *See id.* at 971 (finding that de novo review is appropriate "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well."). De novo review is not warranted in this case because the alleged procedural violations on which Mr. Welsh bases his argument are less egregious than the conduct in *Abatie*, which we held did not trigger de novo review. *Id.* at 972.

We remand to permit the district court to evaluate MetLife's denial of Mr. Welsh's claim under *Abatie*, taking into account any conflict of interest created by MetLife's dual role as payer of benefits under the plan and decisionmaker regarding eligibility for plan benefits.

**VACATED** and **REMANDED** with instructions.